UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CV-22944-GAYLES

FERMIN BENAVIDES BLANDON,

        Plaintiff,

-vs-

MEDINA & DELGADO SERVICE,
CORP., d/b/a WESTVIEW U-GAS,
DAYANA MARIA DELGADO,

        Defendant,

_____/

## UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS

**COMES NOW**, the undersigned counsel and hereby moves to withdraw as counsel of record for Defendants, Medina & Delgado Service Corp., and Dayana Maria Delgado, pursuant to Local Rule 11.1(d)(3), and in support states as follows:

1. On October 25th, 2016, Plaintiff, Dayanna M. Delgado retained the services of Miller, Kagan, Rodriquez & Silver, PL ("MKRS") to defend against the Plaintiff's claims.  On January 25, 2017, Medina & Delgado Service Corp., retained MKRS, as well.

2. Plaintiff, Dayanna M. Delgado, individually and as a corporate officer for Medina & Delgado Service Corp., has since stopped cooperating with the firm of Miller, Kagan, Rodriguez & Silver, PL. To the extent disclosure is permitted and without waiving any confidential communication, at this juncture certain decisions need to be made regarding if and how the instant case is to be defended. Multiple discussions have been had with Ms. Delgado regarding the defense of the case, their limitations regarding same, and other options available to them; however, no definitive or concrete response has been received from the clients.

3. The defendants have essentially left MKRS in limbo and without any direction as to how they wish to defend the case, what their intent is, and also to cooperate in the preparation of a defense.

4. The above referenced failure to cooperate has now created irreconcilable differences between the undersigned firm and the clients. The undersigned cannot continue to defend the case, respond to the court's inquiry, meet pretrial deadlines, or comply with the newly served discovery without the substantial input of the clients.

5. Defendants have repeatedly been warned that if they continue on this track, the undersigned will seek to withdraw from this case.

6. Given these difficulties, the undersigned counsel cannot effectively continue to represent the defendants and comply with the relevant ethical obligations.

7. In addition to failing to cooperate, both, Medina & Delgado Service Corp., and Dayana Maria Delgado, have also failed to meet certain financial commitments made to the firm of Miller, Kagan, Rodriguez & Silver. The undersigned firm has continued to defend this matter, despite the clients' failure to comply with their financial obligations to MKRS. It is now anticipated that those outstanding fees and expenses, and those incurred in the interim, will likely go unpaid and be a financial burden on MKRS.

8. It is also submitted, that Defendants would not be prejudiced by the granting of this motion, as the Scheduling Order [DE-50] was just entered and there is sufficient time for new counsel to conduct any desired discovery prior to the discovery deadline, June 30th, 2017.

9. A copy of this motion has been sent to Medina & Delgado Service Corp., and Dayana Maria Delgado, via UPS to the addresses listed below.

10. Plaintiff's counsel has no objection to the relief requested, but requests that Defendants be provided with fourteen (14) days to retain new counsel.

2

*Argument*

Pursuant to Local Rule 11.1(d)(3):

> No attorney shall withdraw the attorney's appearance in any action or proceeding except by leave of Court after notice on the attorney's client and opposing counsel. A motion to withdraw shall include the current mailing address for the attorney's client or the client's counsel.

Counsel has provided Defendants with more than one opportunity to find substitute counsel, including bankruptcy counsel. Unfortunately, Defendant has not notified MKRS Law of any replacement, nor of any who attorney has been formally retained. Defendants have also failed to provide a definite decision as to their intended their course of action to defend this matter.  This lack of cooperation has created an irreconcilable situation as counsel cannot properly defend this matter, without the input and direction from the clients.

Pursuant to the Rule 4-1.16, Rules of Professional Conduct:

> (a) When Lawyer Must Decline or Terminate Representation. Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
> (1) the representation will result in violation of the Rules of Professional Conduct or law;
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;
> (3) the lawyer is discharged;
> (4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or(5) the client has used the lawyer's services to perpetrate a crime or fraud, unless the client agrees to disclose and rectify the crime or fraud.
> (b) When Withdrawal Is Allowed. Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:
> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client insists upon taking action that the lawyer considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;
> (3) **the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;**
> (4) **the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or**
> (5) **other good cause for withdrawal exists**. (*Emphasis ours*)

3

As stated in the case of <u>Becker & Poliakoff v. King</u>, 642 So. 2d 821, 822 (Fla. Dist. Ct. App. 1994), under the Florida Rules of Professional Conduct, a law firm is permitted to withdraw from representation when a client stops communicating with the firm and is also not paying them.

Based on the foregoing, it is respectfully requested that the undersigned and the firm Miller, Kagan, Rodriguez & Silver, PL., be allowed to withdraw from the defense of Medina & Delgado Service Corp., and Dayana Maria Delgado, and also be relieved of any further obligation.

Respectfully submitted,

MILLER, KAGAN, RODRIGUEZ & SILVER, PL
Attorneys for Defendants
201 Alhambra Circle, Suite 802
Coral Gables, Florida 33134
Tel.      (305) 446-5228
Fax      (305) 446-7110

By: _/s/ Sergio R. Casiano, Jr._
         Sergio R. Casiano, Jr.
         Fla. Bar No.: 457302
         sergioc@mkrs.com
         daiyeta@mkrs.com

*(Remainder of page intentionally left blank)*

4

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this <u>10th</u> day of March, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

<div style="margin-left:40%">

MILLER, KAGAN, RODRIGUEZ & SILVER, PL
Attorneys for Defendants

By: */s/ Sergio R. Casiano, Jr.*
     Sergio R. Casiano, Jr.
     Fla. Bar No.: 457302

</div>

<u>SERVICE LIST</u>
J.H. Zidell, Esq.                              *(Plaintiff's Counsel)*
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
zabogado@aol.com

Medina & Delgado Service Corp.         *(Defendant)*
Attn: Mr. Carlos Delgado, President       VIA UPS GROUND
and Dayanna M. Delgado, Assist. Secretary
14471 N.W. 27 Avenue
Opa Locka, FL 33054

Dayana Maria Delgado               *(Defendant)*
14471 N.W. 27 Avenue              VIA UPS GROUND
Opa Locka, FL 33054
and
611 NW 82 Avenue, #318
Miami, FL 33126